**Lorie BENNETT, Plaintiff,**

v.

**The CITY OF YONKERS and Yonkers Police Officers "John Doe" and "John Roe" Individually (their names being fictitious as true names unknown), Defendants.**

No. 92 Civ. 8843 (VLB).

United States District Court,
S.D. New York.

July 27, 1994.

Douglas J. Martino, Martino & Weiss, Mt. Vernon, NY, for plaintiff.

Philip M. Aglietti, Office of Corp. Counsel, City of Yonkers, Yonkers, NY, for defendants.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

Plaintiff Lorie Bennett brings this action against the Yonkers Police Department and two of its officers under 42 U.S.C. 1983 alleging improper arrest and release under hazardous conditions in violation of the Fourteenth Amendment. Defendants have moved for summary judgment. While there are factual disputes, they do not create a genuine issue of material fact. The motion is granted and the Clerk is directed to close this case.

### II

■ It is well established that arresting a person without probable cause violates the due process clause of the Fourteenth Amendment. *Golino v. City of New Haven*, 950 F.2d 864 (2d Cir.1991), *cert. denied sub nom. Lillis v. Golino*, —— U.S. ——, 112 S.Ct. 3032, 120 L.Ed.2d 902 (1992).

■ Yonkers police arrested plaintiff during the predawn morning hours of March 31, 1992, while responding to a report of gunshots at 3 Monroe Street, Yonkers in the area where plaintiff was taken into custody. The police observed a vehicle in which plaintiff and another occupant were present with high beam lights activated when approaching

another vehicle within 500 feet contrary to NY Vehicle & Traffic Law § 375(3).

This traffic stop, accompanied by a request for the driver's license and registration revealed a New York City arrest warrant issued in 1986 calling for the arrest of Larry Bennett, a black male with brown hair and brown eyes, weighing one hundred eighty-five (185) pounds and six feet three inches in height, with date of birth given as May 25, 1959.

Plaintiff, a New York City resident, met this description with the variations that his weight was two hundred ten (210) pounds and his date of birth is May 14, 1959. Plaintiff answered to the name "Larry" (phonetically virtually identical to Lorie) when questioned by the officers; plaintiff's cousin confirmed that plaintiff answered to either. These facts indicated that the original traffic stop and the subsequent arrest were each supported by probable cause and were reasonable. See authorities cited, *Indomenico v. Brewster*, 848 F.Supp. 1136 (S.D.N.Y. 1994); *Elk v. Townson*, 839 F.Supp. 1047 (S.D.N.Y.1993).

### III

At central booking, the Yonkers Police Department concluded that plaintiff should be released, and at approximately 5 AM told plaintiff that he must leave police headquarters. Plaintiff was given a slip permitting him to retrieve his vehicle. The automobile had been towed to an impounding lot, which would only be open during business hours. Plaintiff was forced to walk the streets of Yonkers during the early morning hours until he was able to locate a public telephone and call a taxi to take him to his home in New York City. When plaintiff obtained his car at approximately 5 PM, he was required to pay a towing and storage fee of $100 in cash; his vehicle's muffler and fender were damaged during the police towing.

### IV

■ Where a person is in custody for any reason, reasonable steps to protect that person's safety are constitutionally required. This principle has been applied to diverse circumstances including prisoners, foster children and students subject to compulsory education. See *Revere v. Massachusetts General Hospital*, 463 U.S. 239, 103 S.Ct. 2979, 77 L.Ed.2d 605 (1983); *Youngberg v. Romeo*, 457 U.S. 307, 102 S.Ct. 2452, 73 L.Ed.2d 28 (1982); *Doe v. New York City*, 649 F.2d 134 (2d Cir.1981); *Lichtler v. County of Orange*, 813 F.Supp. 1054 (S.D.N.Y. 1993). The manner of plaintiff's release may have violated this principle.[1]

■ Nevertheless, plaintiff has failed to establish any injury resulting from his being discharged onto the streets of Yonkers during the dawn hours of March 31, 1992. Consequently he cannot recover under 42 U.S.C. 1983. No likelihood of repetition of the incident which might justify consideration of injunctive relief has been established. See *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976).

SO ORDERED.

■

---

1. For contrast, see *Rivas v. Freeman*, 940 F.2d 1491, 1494 (11th Cir.1991) (since [the arrestee] involved "had no money.... the transportation officer took [the arrestee] back" to the arrestee's home).